## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BENNETT, | : | Civil Action - Law |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Docket No. |
| TALEN ENERGY CORPORATION, | : | |
| RIVERSTONE HOLDINGS, LLC, and | : | |
| SUSQUEHANNA NUCLEAR, LLC, | : | |
| | : | |
| Defendants. | : | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Scott Bennett, by and through his undersigned attorneys, Kepner, Kepner & Corba, P.C., hereby files this Complaint against the above-named Defendants, and in support thereof, states as follows:

### PARTIES

1.     Plaintiff, Scott Bennett ("Plaintiff"), is an adult individual who resides at 83 Starview Lane, Wapwallopen, Pennsylvania.

2.     Defendant, Talen Energy Corporation, is a corporation organized pursuant to the laws of Delaware with its principal place of business located at 835 Hamilton Street, Suite 150, Allentown, Pennsylvania.  Talen Energy Corporation owns Susquehanna Nuclear, LLC.

3.     Defendant, Riverstone Holdings, LLC, is a limited liability company organized pursuant to the laws of Delaware with its principal place of business located at 712 Fifth

Avenue, 36th Floor, New York, New York.  Riverstone Holdings, LLC is the parent

company of Talen Energy Corporation.

4.      Defendant, Susquehanna Nuclear, LLC, is a limited liability company organized

pursuant to the laws of Delaware with its principal place of business located at 634 Salem

Boulevard, Berwick, Pennsylvania.

5.      The aforementioned companies will be referred to collectively as "Defendants"

unless otherwise specified.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction in this action because Plaintiff alleges a

violation of federal law, which raises a federal question pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal-question

claim that they form part of the same case or controversy.

8.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because

a substantial part of the events giving rise to the claim arose in this judicial district.

## FACTS

9.      As a nuclear power plant operator, Defendants are required to comply with

extensive regulations promulgated by the Nuclear Regulatory Commission ("NRC").

10.     The NRC requires that all nuclear power plants adopt Fitness for Duty ("FFD")

programs that prescribe Unescorted Access ("UA") requirements for employees entering

secured areas of the nuclear facility.

11.     NRC regulation mandates that nuclear power plants maintain FFD programs which provide for drug and alcohol screening of employees.

12.     Specifically, NRC facilities may administer drug and alcohol tests to employees "for cause" in response to an employee's behavior indicating possible substance abuse.

13.     Plaintiff was hired full-time by Defendants in September 2007 as a production foreman.  Plaintiff worked at the nuclear facility for a period of ten years without incident.

14.     Prior to September 2007, Plaintiff worked as a contractor for Defendants beginning in 1997.

15.     On February 15, 2018, Plaintiff was required to submit a urine sample for testing pursuant to Defendants' FFD program.

16.     Plaintiff's sample was positive for alcohol above the permitted level.  However, Plaintiff was not advised of his BAC.

17.     As a result of the positive urine sample, Plaintiff's UA authorization was denied and terminated unfavorably due to a FFD violation.  A true and correct copy of Plaintiff's Fitness for Duty Program Notification of Denial is attached as Exhibit "A."

18.     Plaintiff was notified that his UA authorization was denied for a minimum of 14 days at Susquehanna.  *See* Exhibit "A."

19.     The medical review officer ("MRO") who received the urine sample assured Plaintiff that he would be back onsite before the March 31, 2018 scheduled maintenance outage began.

20.     On March 23, 2018, Plaintiff was notified that his employment with Defendants was terminated effective immediately.  A true and correct copy of Plaintiff's March 23, 2018 termination letter is attached hereto as Exhibit "B."

21.     At the time of his termination, Plaintiff was not provided with any explanation regarding the status of his UA or when it would be restored.

22.     Plaintiff's February 15, 2018 FFD violation was his first FFD violation in his twenty-plus years in the nuclear industry.

23.     Plaintiff was never provided with an opportunity to complete an Employee Assistance Program ("EAP") which had been provided to other Talen employees who had committed their first FFD violation.

24.     After his termination, Plaintiff applied for a job at River Bend Nuclear Generating Station ("River Bend"), an NRC facility located in St. Francisville, Louisiana as a work week manager with a starting salary of $120,000.00 plus bonuses with benefits.

25.     River Bend did not offer Plaintiff the position because he did not have his UA badge.

26.     Plaintiff was offered a job at Palisades Nuclear Generating Station ("Palisades"), an NRC facility located in Covert, Michigan as an outage scheduler with a starting salary of $120,000.00 plus bonuses with benefits.

27.     Palisades paid for Plaintiff's flight to Michigan, his return flight, his hotel room and his rental car.

28.     Plaintiff toured Palisades' facility on January 16, 2019, but he was unable to tour the whole facility because Plaintiff's UA was not restored.

4

29.     A Talen Energy Corp. employee told representatives at Palisades that Plaintiff was "unfit for duty at a nuclear facility."

30.     As a result of this communication, Plaintiff's job offer was rescinded.

31.     Plaintiff was offered a contractor job at Xcel Energy Monticello Nuclear Generating Plant ("Xcel"), an NRC facility located in Monticello, Minnesota as an Outage Control Center manager or Maintenance Control Center manager.

32.     The position at Xcel would pay Plaintiff between $80.00 and $90.00 per hour and Plaintiff would be working 12-hour shifts, seven days a week for six weeks.

## COUNT I – INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS
### (against Defendants)

33.     Plaintiff incorporates each of the foregoing allegations as if set forth at length herein.

34.     Plaintiff was engaged in a relationship with Palisades that was substantially likely to result in a contractual relationship and economic benefits to Plaintiff.

35.     Defendants knew of Plaintiff's potential contractual relationship with Palisades.

36.     Defendants engaged in wrongful conduct through their tortious interference with Plaintiff's prospective contractual relationship with Palisades.

37.     Defendants' wrongful conduct was specifically intended to prevent a prospective relation from occurring between Plaintiff and Palisades.

38.     Defendants' wrongful conduct resulted in Palisades rescinding its job offer to Plaintiff.

39.     Plaintiff would have established a contractual relation with Palisades if it were not for the wrongful conduct of Defendants.

40.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered damages.

41.     Defendants acted with malice, oppression and fraud when they intentionally and in conscious disregard of Plaintiff's rights, deliberately interfered with Plaintiff's prospective contractual relations with Palisades and the economic benefits Plaintiff would have enjoyed from the relationship.

WHEREFORE, Plaintiff, Scott Bennett, respectfully requests that this Court enter judgment in his favor and against Defendants in an amount in excess of $50,000.00, together with punitive damages, interest, costs of suit, and such other relief as this Court may deem just and proper.

### COUNT II – DEFAMATION
### (against Defendants)

42.     Plaintiff incorporates each of the foregoing allegations as if set forth at length herein.

43.     Defendants published communications to Palisades that Plaintiff was "unfit for duty at a nuclear facility."

44.     The defamatory statements made to Palisades are of and concerning Plaintiff and reasonably understood to be about Plaintiff.

45.     The defamatory statements made to Palisades are false.

46.     Defendants published the defamatory statements knowing that they are false.

6

47.     The defamatory statements constitute defamation *per se* because they tended to injure Plaintiff in his trade, business or profession and indicated that Plaintiff was involved in behavior incompatible with the proper conduct of business, trade or profession.

48.     As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Scott Bennett, respectfully requests that this Court enter judgment in his favor and against Defendants in an amount in excess of $50,000.00, together with interest, costs of suit, and such other relief as this Court may deem just and proper.

## COUNT III – WRONGFUL TERMINATION
### (against Defendants)

49.     Plaintiff incorporates each of the foregoing allegations as if set forth at length herein.

50.     Throughout his ten years of employment with Defendants, Plaintiff performed his job competently in his position as production foreman and then production supervisor.

51.     Defendants terminated Plaintiff after his first FFD violation without providing him with the opportunity to complete EAP.

52.     Defendants' conduct is violative of public policy, which encourages employees to seek counseling for alcohol and substance abuse problems.

53.     EAP had been provided to numerous other Defendants employees who had their UA terminated for FFD violations stemming from alcohol or drug misuse.

54.     Defendants' conduct amounts to a wrongful discharge of Plaintiff.

55.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Scott Bennett, respectfully requests that this Court enter judgment in his favor and against Defendants in an amount in excess of $50,000.00, together with interest, costs of suit, and such other relief as this Court may deem just and proper.

## COUNT IV – VIOLATION OF 10 C.F.R. § 26.75
### (against Defendants)

56.     Plaintiff incorporates each of the foregoing allegations as if set forth at length herein.

57.     Per 10 C.F.R. § 26.75(e)(1), a first FFD violation results, in a minimum, of a 14-day termination of the employee's UA.

58.     Per 10 C.F.R. § 26.75(a), NRC facilities are able to establish more stringent sanctions for a first FFD violation than the mandatory minimum 14-day suspension.

59.     Defendants have not enacted a policy that provides for a more stringent sanction for a first FFD violation.

60.     As a result of Plaintiff's positive alcohol sample, his UA badge was revoked for 14 days as required by NRC regulations due to a FFD violation

61.     Plaintiff's UA badge should have been restored on March 2, 2018.

62.     On March 23, 2018, Plaintiff was notified that his employment with Defendants was terminated effective immediately.

63.   Defendants did not restore Plaintiff's unescorted access authorization after his 14-day suspension and prior to his termination.

64.   As of the date of the filing of this Complaint, Plaintiff's UA is still terminated at all NRC facilities.

65.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Scott Bennett, respectfully requests that this Court enter judgment in his favor and against Defendants in an amount in excess of $50,000.00, together with attorney's fees, interest, costs of suit, and such other relief as this Court may deem just and proper.

Respectfully submitted,


/s/ Franklin E. Kepner, Jr.
Franklin E. Kepner, Jr., Esquire
Kepner, Kepner & Corba, P.C.
123 West Front Street
Berwick, PA 18603
(570) 752-2766
I.D. No. 26156
Attorney for Plaintiff


/s/ Franklin E. Kepner III
Franklin E. Kepner III, Esquire
Kepner, Kepner & Corba, P.C.
123 West Front Street
Berwick, PA 18603
(570) 752-2766
I.D. No. 323158
Attorney for Plaintiff